BLAKE, f.k.a. Heistan, et al., Appellees,

v.

HEISTAN, Appellant.

[Cite as *Blake v. Heistan* (1994), 99 Ohio App.3d 84.]

Court of Appeals of Ohio,
Mercer County.

No. 10–94–18.

Decided Dec. 13, 1994.

*Daniel Myers*, for appellee Elaine Blake.

*Mary Pat Zitter*, for appellee Mercer County Child Support Enforcement Agency.

*William E. Huber*, for appellant.

---

SHAW, Presiding Judge.

Defendant-appellant, Jerry D. Heistan, appeals the judgment of the Mercer County Court of Common Pleas granting a transfer of a wage withholding order and denying his motion for relief from the order pursuant to Civ.R. 60(B). Because of the issues raised in this appeal, we have *sua sponte* removed this case from the accelerated calendar.

On August 8, 1990, the Mercer County Court of Common Pleas granted plaintiff-appellee, Elaine Heistan, n.k.a. Blake, a divorce from defendant. Pursuant to the divorce decree, defendant was ordered to pay child support for his two children in the amount of $10 per child per month plus poundage.

On October 5, 1992, the Mercer County Child Support Enforcement Agency filed a motion with the trial court to modify child support. On January 21, 1993, in a consent order, the trial court modified its previous support order and ordered defendant to pay child support in the amount of $123.25 per child per month, plus poundage, effective June 16, 1992, and $217.97 per child per month, plus poundage, effective September 3, 1992. The trial court's order modifying child support included an order directing defendant's employer to withhold $210.32 in wages from his bi-weekly paycheck to be applied toward the support payments.

On December 22, 1993, the Mercer County Child Support Enforcement Agency filed a motion with the trial court to transfer the previous wage withholding order issued against defendant to a benefits withholding order from the John Hancock Company, who was paying benefits to defendant. The order required the John Hancock Company to withhold a total of $102.61 per week. The court granted

the motion and issued the order on December 22, 1993, the same day the motion was filed.

On January 3, 1994, defendant filed a motion for relief from judgment pursuant to Civ.R. 60(B), arguing that the court should vacate its December 22, 1993 order transferring its prior withholding order to the John Hancock Company. In his motion, defendant claimed that a change of circumstances necessitated a modification in support payments and, therefore, he should have been provided with the opportunity to respond to the motion to assert this argument. On April 25, 1994, the trial court denied defendant's Civ.R. 60(B) motion, finding that defendant's sole allegation of changed circumstances did not meet any of the Civ.R. 60(B) criteria.

Thereafter, defendant brought the instant appeal, raising two assignments of error:

"I.   The court lacked jurisdiction to enter its entry of December 22, 1993, in that service had not been obtained in accordance with Civil Rule 75(I).

"II.   The court erred and abused its discretion in not sustaining defendant-appellant's motion to vacate its entry under Rule 60B."

█ In defendant's first assignment of error, he argues that the trial court lacked jurisdiction to transfer its previously entered withholding order to the John Hancock Company on December 22, 1993 because defendant was not properly served with the motion requesting said order pursuant to Civ.R. 75(I).

The record reveals that plaintiff's December 22, 1993 motion was mailed to all parties, including defendant, via regular United States mail on December 21, 1993. Defendant asserts that Civ.R. 75(I) required the plaintiff to serve her motion to transfer the withholding order by certified mail in order to properly invoke the continuing jurisdiction of the court. Civ.R. 75(I), which governs the continuing jurisdiction of the court in actions for divorce, annulment, legal separation and related proceedings, provides:

"The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Rules 4 to 4.6.   * * *"

Plaintiff argues that she was merely asking the court to transfer an existing withholding order to a new payor and therefore she was not attempting to invoke the continuing jurisdiction of the court for any purposes allegedly governed by Civ.R. 75(I). Furthermore, plaintiff claims that because the order in the case *sub judice* did not alter or modify the rights of the parties in any way, she was not required to adhere to the service of process requirements of Civ.R. 75(I).

■ We find no authority for and do not agree with plaintiff's contention that there is a distinction between post-divorce decree motions which are subject to the service of process requirements of Civ.R. 75(I) and post-divorce decree motions which are exempt from those requirements. Consequently, it is our opinion that pursuant to Civ.R. 75(I), the continuing jurisdiction of the court may be invoked by the filing of any motion by a party, regardless of the content or subject matter of the motion. See *Hansen v. Hansen* (1985), 21 Ohio App.3d 216, 21 OBR 231, 486 N.E.2d 1252.

Moreover, we believe that this case presents a good example of the difficulties inherent in any construction of Civ.R. 75(I) that attempts to single out only those motions which are "significant" enough to require certified mail service on the opposing party. The record in this case indicates that the court initially entered a consent order setting defendant's support payments at $123.25 per child until September 3, 1992, and $217.97 per child thereafter. The court then entered a withholding order to AAP St. Mary's Corporation in the amount of $217.97. However, the court's December 22, 1993 transfer of withholding order to the John Hancock Company was only in the amount of $102.61.

As a result of the essentially "ex parte" nature of the transfer order, the record is now unclear as to whether the $102.61 figure relates to the court's prior orders setting support or whether that amount modifies those orders. Therefore, we are not prepared to hold that plaintiff's motion and the resulting court order did not impact upon defendant's rights in any significant way.

Since it is clear that plaintiff failed to comply with the service of process requirements of Civ.R. 75(I), we hold that defendant did not receive proper notice, and the trial court was without jurisdiction to enter its December 22, 1993 transfer of withholding order. Accordingly, defendant's first assignment of error is sustained.

■ In defendant's second assignment of error, he argues that since the trial court lacked jurisdiction to enter its order of December 22, 1993, the court erred in not sustaining his motion to vacate the entry pursuant to Civ.R. 60(B). We first note that in order to prevail on a motion brought under Civ.R. 60(B), " * * * the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150, 1 O.O.3d 86, 88, 351 N.E.2d 113, 116.

Defendant claims that he was entitled to Civ.R. 60(B) relief because the trial court lacked jurisdiction to rule on plaintiff's motion and because the court improperly ruled on the motion the same day it was filed. Furthermore,

defendant argues that the court should have permitted him to respond to plaintiff's motion in order to give him the opportunity to file a motion to modify support due to changed circumstances. Notwithstanding defendant's failure to plead lack of jurisdiction in his Civ.R. 60(B) motion, and without commenting upon whether the motion for transfer would have been an appropriate vehicle for raising a change of circumstances, we hold that since the trial court lacked jurisdiction to enter its December 22, 1993 order, the court erred in overruling defendant's Civ.R. 60(B) motion. Accordingly, defendant's second assignment of error is sustained.

In summary, as both of defendant's assignments of error are sustained, the judgment of the Mercer County Court of Common Pleas is reversed, and the case is remanded to that court for entry of judgment consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT, J., concurs.

HADLEY, J., dissents.

HADLEY, Judge, dissenting.

I respectfully dissent from the majority's opinion finding that the trial court lacked jurisdiction to enter its entry of December 22, 1993, and finding that the trial court abused its discretion in not sustaining appellant's motion to vacate this entry.

Civ.R. 60(B) provisions are only to relieve a party from a final judgment, order, or proceeding. The trial court's entry of December 22, 1993 is merely an entry transferring the withholding of "the amount previously ordered," thus does not by itself affect any substantial right, and is therefore not a final judgment for consideration under Civ.R. 60(B).

Appellant is always afforded an opportunity to assert his argument that a change of circumstances necessitates a modification in his support obligation. That opportunity is not presented by responding to a motion to transfer withholdings already determined. It is properly raised by filing a new motion, setting for the reasons why he believes that his support order amount should be changed.

Child support is routinely handled under the provisions of R.C. 3113.21 *et seq.*, and many of those provisions do not involve the invoking of the continuing jurisdiction of the court as contemplated by Civ.R. 75(I), but rather are continuations of ongoing proceedings. For instance, R.C. 3113.21(C) and (D) specifically provide for the issuance of one or more orders upon completion of the hearing

and R.C. 3113.21(A) provides for the immediate cancellation of an old order and the issuance of a new one if there is a status change.

Appellant was afforded the ordinary mail service required by R.C. Chapter 3113 for this type of proceeding. The trial court therefore did not lack jurisdiction to provide for the change of withholding.

I would affirm the judgment of the trial court in denying the motion to vacate the December 22, 1993 judgment entry.

I do find that this cause does need to be remanded to the trial court for the purpose of examining the specific amount to be withheld by the John Hancock Company. While the December 22, 1993 judgment entry does make reference to the previously ordered amount of $102.61, it is not clear from the record just when that specific amount was ordered. The trial court should therefore review that amount for accuracy and correct the record if it is incorrect.