[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 549.]

THE STATE EX REL. SOUKUP, APPELLANT, *v.* CELEBREZZE, JUDGE, APPELLEE.

[Cite as *State ex rel. Soukup v. Celebrezze*, 1998-Ohio-8.]

*Prohibition—Writ preventing judge in divorce postdecree enforcement action from reinstating a show cause motion that was dismissed for want of prosecution and from conducting further proceedings on the reinstated motion—Writ denied, when.*

(No. 98-597—Submitted September 15, 1998—Decided November 10, 1998.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 72008.

_____

{¶ 1} In 1986, the Cuyahoga County Court of Common Pleas, Domestic Relations Division, entered a divorce decree that ended the marriage of appellant, Marc J. Soukup, and Lisa M. Soukup, n.k.a. Salobecke.

{¶ 2} In June 1995, Salobecke filed a motion in the domestic relations court for an order for Soukup to show cause why he should not be held in contempt of the divorce decree. Salobecke claimed that Soukup had failed to make certain payments, including over $12,000 in child support. The trial court later notified the parties that if they did not submit an agreed entry disposing of Salobecke's show-cause motion by a certain date, the motion would be dismissed. In December 1995, appellee, Judge James P. Celebrezze, dismissed Salobecke's show-cause motion for want of prosecution. Judge Celebrezze did not specify that the dismissal was without prejudice, and Salobecke did not appeal the dismissal.

{¶ 3} In 1996, Salobecke filed a second motion for a show-cause order, which was identical to her first one. After Soukup filed a motion to dismiss, Salobecke filed a brief in opposition and a conditional motion to reinstate her first show-cause motion. In her brief, Salobecke argued that Civ.R. 41 did not apply to postdecree enforcement actions, that Soukup had caused the dismissal of the first

show-cause motion by refusing to sign an agreed entry, and that she did not fail to prosecute her first show-cause motion.

{¶ 4} Judge Celebrezze subsequently granted Salobecke's motion to reinstate her first show-cause motion and denied Soukup's motions to dismiss and to terminate the proceedings. Salobecke withdrew her second show-cause motion.

{¶ 5} In February 1997, Soukup filed a complaint in the court of appeals for a writ of prohibition to vacate Judge Celebrezze's entry reinstating Salobecke's show-cause motion and to prevent Judge Celebrezze from conducting further proceedings on the reinstated motion. After Judge Celebrezze filed a motion to dismiss or, in the alternative, for summary judgment, Soukup filed a motion for summary judgment. Soukup argued that pursuant to the holdings of *State ex rel. Rice v. McGrath* (1991), 62 Ohio St.3d 70, 577 N.E.2d 1100, and *State ex rel. Easterday v. Zieba* (1991), 58 Ohio St.3d 251, 569 N.E.2d 1028, a court loses authority to proceed in a matter when that court previously unconditionally dismisses it, and, hence, he was entitled to the writ. In so arguing, Soukup noted that he was not asserting that Judge Celebrezze's actions were barred by *res judicata*.

{¶ 6} In 1998, the court of appeals granted Judge Celebrezze's motion for summary judgment and denied the writ.

{¶ 7} This cause is now before the court upon an appeal as of right.

————————————

*Hermann, Cahn & Schneider* and *James S. Cahn*, for appellant.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Carol Shockley*, Assistant Prosecuting Attorney, for appellee.

————————————

***Per Curiam.***

**{¶ 8}** Soukup asserts in his propositions of law that the court of appeals erred in denying him the requested extraordinary relief in prohibition. Soukup claims that where a movant in domestic relations court seeks to modify an order that has become final without alleging a change of circumstances, *res judicata* bars the court from exercising jurisdiction. For the following reasons, Soukup's contentions lack merit.

**{¶ 9}** First, Soukup invited any error by the court of appeals in not granting the writ based on the *res judicata* claim he raises here because he asserted in the court of appeals that *res judicata* was inapplicable. " 'Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the court to make.' " *State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections* (1997), 80 Ohio St.3d 176, 181, 685 N.E.2d 502, 506, quoting *State ex rel. Bitter v. Missig* (1995), 72 Ohio St.3d 249, 254, 648 N.E.2d 1355, 1358.

**{¶ 10}** Second, *res judicata* is not a basis for prohibition because it does not divest a trial court of jurisdiction to decide its applicability and it can be raised adequately by postjudgment appeal. See, *e.g.*, *State ex rel. Smith v. Smith* (1996), 75 Ohio St.3d 418, 420, 662 N.E.2d 366, 369; *State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1995), 74 Ohio St.3d 19, 21, 655 N.E.2d 1303, 1305-1306.

**{¶ 11}** Finally, because Judge Celebrezze did not patently and unambiguously lack jurisdiction over the postdecree motion, prohibition does not lie for Soukup's claims. " 'Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy at law by appeal.' " *State ex rel. Red Head Brass, Inc. v. Holmes Cty. Court of Common Pleas* (1997), 80 Ohio St.3d 149, 152, 684 N.E.2d 1234, 1237, quoting *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110,

Under Civ.R. 75(I), the continuing jurisdiction of a court that issues a domestic relations decree "may be invoked by the filing of any motion by a party." *Blake v. Heistan* (1994), 99 Ohio App.3d 84, 87, 649 N.E.2d 1304, 1305-1306. A postdecree show-cause motion filed by a party invokes both the inherent power of a domestic relations court to enforce its own orders and the court's continuing jurisdiction under Civ.R. 75(I). See, generally, 2 Sowald & Morganstern, Domestic Relations Law (1997) 164, Section 25.44.[1]

**{¶ 12}** In fact, every case cited by Soukup to support his claim to a writ was resolved by appeal rather than extraordinary writ. See, *e.g.*, *Panzarello v. Panzarello* (1989), 61 Ohio App.3d 364, 572 N.E.2d 803; *Austin v. Payne* (Feb. 11, 1998), Lorain App. No. 97CA006777, unreported, 1998 WL 78694.

**{¶ 13}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

1. We need not consider the main argument raised by Soukup below, which relied on *Rice* and *Easterday*, because Soukup does not raise this argument here, instead choosing to rely on *res judicata*.