[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT WRIT DENIED.
 PETITION FOR WRIT OF MANDAMUS AND PROHIBITION.
Relator is the plaintiff/wife in Resnick v. Resnick, Cuyahoga County Court of Common Pleas, Division of Domestic Relations, Case No. D-235594. In Case No. D-235594, defendant/husband sought a post-decree modification of child support and the shared parenting arrangement. After the magistrate issued a decision, inter alia, decreasing the obligation of defendant/husband to pay child support and increasing the time husband/defendant spends with the children, the parties filed objections. Respondent judge also issued an interim order which he extended for a second twenty-eight day period under Civ.R. 53 (E) (4) (c).
On September 24, 1999, at the conclusion of the second twenty-eight day period under Civ.R. 53 (E) (4) (c), respondent judge issued a judgment entry. In the September 24, 1999 judgment entry, respondent notes that unforeseen complications, due to a computer breakdown, have interfered with the court reporter's ability to prepare the transcript required to review the parties' objections. As a consequence, respondent issued a temporary possession order.
Relator contends that the September 24, 1999 judgment entry effectively extends the interim order beyond the period authorized by Civ.R. 53 (E) (4) (c) and is, therefore, contrary to law. Relator requests that this court: compel respondent to vacate the September 24, 1999 judgment entry; and prohibit respondent from enforcing the September 24, 1999 judgment entry.
Respondent has filed a motion to dismiss or, in the alternative, for summary judgment. Respondent argues that prohibition does not lie because respondent had jurisdiction to issue the September 24, 1999 judgment entry and because relator has an adequate remedy by way of appeal. Respondent also argues that mandamus does not lie because mandamus may not issue to control the exercise of discretion by a court, i.e., whether respondent vacates the September 24, 1999 judgment entry, and because relator has an adequate remedy by way of appeal.
Civ.R. 53 (E) (4) (c) provides:
 The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. The court may make an interim order on the basis of the magistrate's decision without waiting for or ruling on timely, objections by the parties where immediate relief is justified. An interim order shall not be subject to the automatic stay caused by the filing of timely objections. An interim order shall not extend more than twenty-eight days from the date of its entry unless, within that time and for good cause shown, the court extends the interim order for an additional twenty-eight days.
(Emphasis added.) Relator argues, therefore, that respondent lacked jurisdiction to issue the September 24, 1999 judgment — which relator asserts effectively extends the interim order — because respondent had already extended the interim order for the second and final twenty-eight day period authorized by Civ.R. 53 (E) (4) (c).
We must examine the scope of respondent's jurisdiction in order to determine relator's claim in prohibition.
 The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largent v. Fisher
(1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. State ex rel. Lesher v. Kainrad
(1981), 65 Ohio St.2d 68, 417 N.E.2d 1382, certiorari denied (1981), 454 U.S. 845; Cf. State ex rel. Sibarco Corp. v. City of Berea (1966), 7 Ohio St.2d 85, 218 N.E.2d 428, certiorari denied (1967), 386 U.S. 957. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe (1941), 138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel. Sparto v. Juvenile Court of Darke County (1950), 153 Ohio St. 64. 65, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 273; Reiss v. Columbus Municipal Court
(App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447.
 Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel. Tilford v. Crush (1988), 39 Ohio St.3d 174, 529 N.E.2d 1245 and State ex rel. Csank v. Jaffe (1995), 107 Ohio App.3d 387. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown Local School District Board of Education v. Portage County Court of Common Pleas (1997), 78 Ohio St.3d 489, 678 N.E.2d 1365 and State ex rel. Bradford v. Trumbull County Court (1992), 64 Ohio St.3d 502, 597 N.E.2d 116.
State ex rel. Wright v. Griffin (July 1, 1999), Cuyahoga App. No. 76299, unreported, at 5-7.
In State ex rel. Soukup v. Celebrezze (1998), 83 Ohio St.3d 549, 700 N.E.2d 1278, the Supreme Court affirmed this court's judgment denying the relator's request for relief in prohibition to prevent a domestic relations court judge from reinstating, a post-divorce contempt proceeding.
 Under Civ.R. 75 (I) [now 75 (J)], the continuing jurisdiction of a court that issues a domestic relations decree "may be invoked by the filing of any motion by a party." Blake v. Heistan (1994), 99 Ohio App.3d 84, 87, 649 N.E.2d 1304, 1305-1306. A post-decree show-cause motion filed by a party invokes both the inherent power of a domestic relations court to enforce its own orders and the court's continuing jurisdiction under Civ.R. 75 (I). See, generally, 2 Sowald Morganstern, Domestic Relations Law (1997) 164, Section 25.44.
Id. at 551 (footnote deleted)
In the September 24, 1999 judgment entry, respondent considered several, post-decree motions filed by the parties in Case No. D-235594. Respondent argues that he had jurisdiction to issue that judgment entry.
The parties do not dispute that respondent has jurisdiction over the parenting issues pending before the division of domestic relations. Furthermore, R.C. 3105.011 provides, in part: "The court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters." InLehman v. Lehman (May 4, 1995), Cuyahoga App. No. 67483; unreported, appellant/husband appealed the ruling of the division of domestic relations on a post-decree motion to show cause.
 Pursuant to R.C. 3105.011, domestic relations courts have full equitable powers and jurisdiction. Ohio domestic relations courts, by both statute and common law, have and may exercise authority in accordance with established rules of equity. Such courts, therefore, do not abuse their discretion when they apply equitable rules. See, Miller v. Miller (1993), 92 Ohio App.3d 340; May [May v. May (1993), 63 Ohio Misc.2d 207].
Lehman, supra, at 10.
The parties have not provided this court with any authority arising from circumstances comparable to those confronting respondent. That is, due to a computer failure, the parties were unable to timely prepare the complete transcript required by Civ.R. 53 (E) (3) (b) for respondent to dispose of the parties' objections to the magistrate's decision. Respondent had the authority to determine whether he could exercise jurisdiction and fashioned a remedy in response to the circumstances confronting the court. As a consequence, we conclude that respondent was not patently and unambiguously without jurisdiction.
We also conclude that relator has an adequate remedy at law by way of appeal. In State ex rel. Zammarrelli v. Ruben (Jan. 22, 1998), Cuyahoga App. No. 73414, unreported, the relator/mother sought a writ of prohibition to prevent a judge of the juvenile division from proceeding with a dependency proceeding in which the respondent judge had granted emergency temporary custody of the child to the father. After juvenile court denied the relator's motion to vacate or dismiss for lack of jurisdiction, this court dismissed the relator's appeal for lack of a final appealable order. We granted the motion for summary judgment filed by respondent judge in the prohibition action and concluded: "The relator possesses an adequate remedy at law, which challenges the denial of her motions to dismiss, once she has obtained a final appealable order from respondent-Judge Ruben. State ex rel. White v. Junkin (1997), 80 Ohio St.3d 335."Zammarrelli, supra.
Although relator in this action complains that appeal is not adequate because the underlying matter involves parenting issues,Zammarrelli demonstrates that appeal is an adequate remedy. As a consequence, the availability of appeal bars relief in both prohibition and mandamus.
Respondent also argues that it would be inappropriate for this court to issue a writ of mandamus compelling respondent to vacate the September 24, 1999 judgment entry. Respondent contends that granting the relief requested by relator would interfere with the exercise of discretion by respondent. We agree.
This court may only compel an inferior tribunal to exercise its discretion, not how to exercise its discretion. R.C. 2731.03
provides:
 The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion.
See also State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Whether a judgment or order should be vacated is a matter for a trial court's discretion. See Kadish, Hinkel Weibel Co., L.P.A. v. Rendina (June 15, 1998), Cuyahoga App. No. 72459, unreported. Relief in mandamus would, therefore, be inappropriate because relator is requesting that this court compel respondent to vacate the September 24, 1999 judgment entry.
Accordingly, respondent's motion to dismiss or, in the alternative, for summary judgment is granted. Relator to pay costs.
Writ denied.
JAMES M. PORTER, A.J. and MICHAEL J. CORRIGAN, J., CONCUR.
 _________________________ JAMES D. SWEENEY, Judge