MEMORANDUM OPINION
{¶ 1} Appellant, Teri Lynn Nemeth, appeals the April 9, 2008 judgment of the Geauga County Court of Common Pleas, denying her motion for disqualification of the magistrate filed on March 31, 2008. Appellant failed to raise the issue of the magistrate's alleged bias during the trial, in her objections to the magistrate's decision, or on appeal of the divorce decree, which was pending in this court when she filed her motion to disqualify in the trial court. She filed her motion more than one year after the *Page 2 
trial and entry of final judgment at a time when, as the trial court noted in its judgment entry, there was nothing before the trial court or magistrate.
 {¶ 2} The trial court's docket in the underlying divorce case indicates that on March 31, 2008, the date the trial court filed its judgment denying appellant's motion to disqualify, appellant's appeal of the divorce decree was pending before this court in Nemeth v.Nemeth, 11th Dist. No. 2007-G-2791, 2008-Ohio-3263 ("Nemeth I"). The appellate docket in Nemeth I reveals that, prior to the release of our opinion in that case, the underlying divorce case had never been remanded to the trial court for the purpose of ruling on the motion to disqualify the magistrate, and appellant had never moved this court to remand the case to the trial court for that limited purpose.
 {¶ 3} As a general proposition, the taking of an appeal from a final order does not deprive a trial court of all jurisdiction over the subject case. Chase Manhattan Mtge. Corp. v. Urquhart, 12th Dist. Nos. CA2004-04-098 CA2004-10-271, 2005-Ohio-4627, at ¶ 28. Notwithstanding the filing of a notice of appeal, a trial court retains all jurisdiction which does not conflict with the ability of the appellate court to reverse, modify, or affirm the subject judgment. Yee v. Erie Cty.Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44. Thus, for example, a trial court retains the ability to enforce the appealed judgment so long as a stay of execution has not been issued. Chase Manhattan Mtge. Corp., supra. On the other hand, once an appeal is filed, a trial court loses the ability to rule upon a Civ. R. 60(B) motion because the granting of such relief would conflict with the appellate court's jurisdiction to fully review the final order. State ex rel. Newton v. Court ofClaims (1995), 73 Ohio St.3d 553, 558. Further, this court has held that a motion for new trial is inconsistent with a notice of appeal, and a trial court is divested of jurisdiction to consider a motion for new trial once a notice of appeal from the original *Page 3 
judgment is filed. Powell v. Turner (1984), 16 Ohio App.3d 404. If the trial court had granted the motion to disqualify, the result would be to vacate the divorce decree and to grant appellant a new trial. Such ruling would necessarily be in conflict with our ability to reverse, modify, or affirm the divorce decree.
 {¶ 4} Therefore, since the granting of the motion to disqualify would have conflicted with our ability to review the divorce decree, the trial court lacked jurisdiction to rule on the motion.
 {¶ 5} We agree with the trial court's comment in the judgment entry that appellant has demonstrated a limited grasp of the Civil Rules. We would further observe that appellant's eight appeals from the trial court's rulings on her post-decree motions, which we dismiss today, appear to be based on the most tenuous of grounds and, at least potentially, frivolous. While appellant has chosen to represent herself in these matters, the law requires she be held to the same requirements as a party represented by counsel. To that end, if any subsequent appeal proves to be frivolous and results in reasonable attorney's fees to appellee, this court will not hesitate to hold her liable for them. See App. R. 23.
 {¶ 6} Pursuant to the foregoing discussion, it is the sua sponte order of this court that the instant appeal is hereby dismissed for lack of a final appealable order.
CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1