JOURNAL ENTRY AND OPINION
{¶ 1} The appeal sub judice is the fourth time this contentious domestic relations case has been presented to this court. In this particular appeal, plaintiff-appellant Joanne Hissa (Joanne) appeals from the trial court's granting of the December 27, 2005 motion of defendant-appellee Edwin Hissa (Edwin) to vacate a judgment entry dismissing a number of his motions. The journal entry of the court filed October 4, 2007, granting the motion, ordered that the journal entry dated June 1, 2004, set forth on the court's appearance docket on June 3, 2004 be vacated. (OSJ Vol. 4239 at 839.) Other motions and issues remain pending in the proceeding. The trial court's order of October 4, 2007, from which Joanne appeals, does not include Civ. R. 54(B) language of "no just reason for delay."
 {¶ 2} For the following reasons, we will not address the three assignments of error raised by Joanne herein, as we dismiss the appeal for want of jurisdiction.
 {¶ 3} A court of appeals only has jurisdiction over orders that are both final under Civ. R. 54(B) and appealable under R.C. 2505.02.Grogan v. Grogan Co. Inc. (2001), 143 Ohio App.3d 548. This court, as well as other Ohio courts, have determined that an order directed to only a portion of the claims or motions pending in a case is not a final appealable order. Such an order is distinguishable from ones which adjudicate all pending claims and motions in *Page 2 
the proceeding. See Barth v. Barth, Cuyahoga App. No. 83063,2003-Ohio-5661. A judgment that leaves issues unresolved and contemplates further action is not a final appealable order.Circelli v. Keenan Constr., 165 Ohio App.3d 494, 500, 2006-Ohio-949. See, also, Wolford v. Newark City School Dist. Bd. of Edn., (1991),73 Ohio App.3d 218, where the granting of a motion to vacate default judgment rendered as to only liability was determined not to be a final appealable order
 {¶ 4} As stated in Jarrett v. Dayton Osteopathic Hosp., Inc. (1985),20 Ohio St.3d 77:
 "An order vacating a judgment that was entered against less than all the parties and in which the trial court did not make an express determination that there was `no just reason for delay' is not a final, appealable order." Id. at syllabus.
 {¶ 5} Accordingly, because the trial court's reinstatement of only a portion of the pending motions is not a final appealable order, we must therefore dismiss this appeal for lack of jurisdiction. We also note that the same reasoning would apply to any ruling of the trial court to lift the general stay order issued by the trial court on June 1, 2004, and journalized on June 2, 2004, which still remains on the docket. (OSJ Vol. 5329 at 56.)
 Judgment dismissed. *Page 3 
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAHGER, P.J., and ANN DYKE, J., CONCUR. *Page 1