JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Jose Lisboa, Jr., is the plaintiff in Lisboa v.Lisboa, Cuyahoga County Court of Common Pleas, Division of Domestic Relations, Case No. D-295186, which had been assigned to respondent visiting judge. [The docket in Case No. D-295186 reflects that the division of domestic relations issued a final decree of divorce in 2005.] By entry received for filing on October 2, 2008, respondent disposed of several post-decree motions. Lisboa avers that he filed a notice of appeal with respect to the October 2, 2008 order on October 29, 2008 (this court's Case No. 92321). Respondent held a hearing on other motions in Case No. D-295186 on October 31, 2008 and entered judgment on those motions on December 4, 2008. *Page 3 
 {¶ 2} Lisboa argues that, because an appeal from Case No. D-295186 was pending prior to the entry of judgment on December 4, 2008, respondent was without jurisdiction to rule on the pending motions. As a consequence, he requests that this court issue a writ of prohibition preventing respondent from proceeding in Case No. D-295186.
 {¶ 3} Respondent has filed a motion to dismiss. Lisboa has not opposed the motion to dismiss. For the reasons stated below we grant the motion to dismiss.
 {¶ 4} The criteria for the issuance of a writ of prohibition are well-established. "In order to be entitled to a writ of prohibition, [relator] had to establish that (1) the [respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to [relator] for which no other adequate remedy in the ordinary course of law exists. State ex rel. White v. Junkin (1997),80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268." State ex rel. Wright v. Ohio Burof Motor Vehicles, 87 Ohio St.3d 184, 185, 1999-Ohio-1041,718 N.E.2d 908.
 {¶ 5} Courts implement these criteria by applying a two-part test. "A two-part test must be employed by this Court in order to determine whether a writ of prohibition should be issued. State ex rel. East Mfg.Corp. v. Ohio Civ. Rights Comm. (1992), 63 Ohio St.3d 179; Dayton Metro.Hous. Auth. v. Dayton Human Relations Council (1992),81 Ohio App.3d 436. Initially, we must determine whether the respondent patently and unambiguously lacks jurisdiction to proceed. The *Page 4 
second step involves the determination of whether the relator possesses an adequate remedy at law. State ex rel. Natalina Food Co. v.Ohio Civ. Rights Comm. (1990), 55 Ohio St.3d 98." State ex rel. Wright v.Registrar, Bur. of Motor Vehicles (Apr. 29, 1999), Cuyahoga App. No. 76044, at 3., affirmed in Wright, supra.
 {¶ 6} Relator avers that his "filing of the notice of appeal in this matter on October 29th 2008 deprived the trial court of jurisdiction over any claims relating to the divorce proceedings." Complaint, ¶ 6. Lisboa overstates the limits on a trial court's jurisdiction while an appeal is pending, however. "Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal.State ex rel. Special Prosecutors v. Judges, Court of Common Pleas
(1978), 55 Ohio St.2d 94, 97, 9 O.O.3d 88, 378 N.E.2d 162. The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from. Id.; Yee v. Erie Cty. Sheriffs Dept. (1990),51 Ohio St.3d 43, 44, 553 N.E.2d 1354." In Re S.J., 106 Ohio St.3d 11,2005-Ohio-3215, 829 N.E.2d 1207, at ¶ 9.
 {¶ 7} A review of the journal in Case No. D-295186 reflects the following information. In her October 2, 2008 journal entry, respondent disposed of numerous motions including: a motion to modify visitation; several motions for attorney fees; and several motions to show cause. In her December 4, 2008 journal entry, respondent considered motions: to remove the guardian ad litem ("GAL"); to strike the testimony of the GAL; to strike the GAL's report and recommendation; to compel *Page 5 
Kimberly Lisboa ("Kimberly") to pay IRS taxes from 2005 income; to strike letters attached to Kimberly's motion to show cause; by the GAL to dismiss Lisboa's motion to remove the GAL and to strike the GAL's report and recommendation.
 {¶ 8} Lisboa avers that "[t]he adjudication [in the December 4, 2008 journal entry] of any of the cited motions directly relating to the divorce judgment under appeal interferes and is inconsistent with the jurisdiction of the appellate court." Complaint, ¶ 7. He has not, however, averred specific facts indicating how any of the motions which were the subject of respondent's December 4, 2008 order were related to the motions which respondent determined in her October 2, 2008 entry. See State ex rel. Boccuzzi v. Cuyahoga Cty. Bd. of Commrs.,112 Ohio St.3d 438, 2007-Ohio-323, 860 N.E.2d 749, at ¶ 19; Loc. App. R. 45(B)(1)(a) ("All complaints must contain the specific statements of fact upon which the claim of illegality is based and must be supported by an affidavit from the plaintiff or relator specifying the details of the claim."). He has not, therefore, averred facts which indicate that respondent's exercise of jurisdiction was "inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." In Re S.J., supra.
 {¶ 9} Relator also ignores the scope of the post-decree jurisdiction of a domestic relations court. "Under Civ. R. 75(I) [now Civ. R. 75(K)], the continuing jurisdiction of a court that issues a domestic relations decree `may be invoked by the filing of any motion by a party.' Blake v. Heistan (1994), 99 Ohio App. 3d 84, 87, *Page 6 649 N.E.2d 1304, 1305-1306." State ex rel. Soukup v. Celebrezze,83 Ohio St.3d 549, 551, 1998-Ohio-8, 700 N.E.2d 1278, quoted with approval inDzina v. Celebrezze, 108 Ohio St.3d 385, 2006-Ohio-1195,843 N.E.2d 1202, at 15. Clearly, a court presiding over a domestic relations matter has the authority to determine post-decree motions.
 {¶ 10} Absent a clear averment that respondent's December 4, 2008 order is inconsistent with this court's jurisdiction to reverse, modify or affirm the judgment appealed in Case No. 92321, Lisboa has failed to state a claim in prohibition. Under Civ. R. 75(K), respondent had the authority to hear and decide post-decree motions. Additionally, Lisboa has an adequate remedy by way of an appeal, which he is pursuing. See Case No. 92636.
 {¶ 11} Accordingly, we grant respondent's unopposed motion to dismiss.[1] The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B). Relator to pay costs.
Complaint dismissed.
CHRISTINE T. MCMONAGLE, JUDGE JAMES J. SWEENEY, P.J., and *Page 7 
SEAN C. GALLAGHER, J., CONCUR.
[1] In her motion to dismiss, respondent also argued that this action is moot because the docket in Case No. D-295186 reflects that respondent removed herself from hearing the case. We reject that argument, however. Civ. R. 25(D)(1) requires that, when a public officer "dies, resigns, or otherwise ceases to hold office" while an action is pending, the successor "is automatically substituted as a party." Another judge of the division of domestic relations has been assigned to hear Case No. D-295186. *Page 1