[Cite as *In re Dissolution of Marriage of Smith*, 2017-Ohio-433.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF THE DISSOLUTION | : | MEMORANDUM OPINION |
| OF THE MARRIAGE OF: NATHAN M. | | |
| SMITH AND KELLY M. SMITH | : | |
| | | CASE NO. 2016-P-0028 |
| | : | |

Civil Appeal from the Portage County Court of Common Pleas, Domestic Relations Division, Case No. 2008 DR 00274.

Judgment: Appeal dismissed.

*Robert E. Rosenberg* and *Michael D. Dailey,* Rosenberg & Associates, 533 East Main Street, Ravenna, OH 44266 (For Appellant, Nathan M. Smith).

*Mary E. Randazzo,* 6555 Dean Memorial Parkway, Boston Heights, OH 44236 (For Appellee, Kelly M. Smith).

DIANE V. GRENDELL, J.

{¶1} Petitioner-appellant, Nathan M. Smith, filed a notice of appeal from the April 11, 2016 Judgment Entry of the Portage County Court of Common Pleas, Domestic Relations Division, dismissing his pending motions. In her appellate brief, petitioner-appellee, Kelly M. Smith, argues that this matter must be dismissed due to a lack of a final, appealable order. For the following reasons, we agree and the appeal is dismissed.

{¶2} In the trial court's April 11, 2016 Judgment Entry, it states that "[a]ll motions filed and pending by Petitioner Nathan M. Smith are to be dismissed." These Motions included several motions to vacate the parties' 2008 Decree of Dissolution.

The April 11 Entry also found that Kelly's pending motions "shall remain open to be heard by the Court." Kelly's pending motions included a Motion for Ex Parte Temporary Custody, a Motion to Show Cause, a Motion to Enforce, and a Motion for Reallocation of Parental Rights and Responsibilities.

{¶3} Kelly emphasizes that the trial court's Entry "specifically preserves [her] claims" and does not include Civ.R. 54(B) language stating that there is no just reason for delay.

{¶4} Section 3(B)(2), Article IV of the Ohio Constitution limits the jurisdiction of an appellate court to the review of final judgments of lower courts. *Germ v. Fuerst,* 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. "In order for a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied." (Citations omitted.) *Bristol Twp. Bd. of Trustees v. Haney*, 11th Dist. Trumbull No. 2010-T-0084, 2010-Ohio-3965, ¶ 3; *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989).

{¶5} R.C. 2505.02(B) sets forth various categories of final orders which can be appealed and reviewed by a court of appeals. In the present matter, Nathan argues that the denial of a Civ.R. 60(B) motion is a final appealable order. It is accurate that "an order of the trial court pursuant to Civ.R. 60(B), * * *, is clearly within the express language of R.C. 2505.02." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St. 2d 146, 150, 351 N.E.2d 113 (1976).

{¶6} Given that the first requirement is satisfied, it is next necessary to consider whether the requirement to include Civ.R. 54(B) language has been met. Civ.R. 54(B) provides that:

2

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

{¶7} This court has held that where there are multiple claims involved, an entry that renders final judgment as to one or more but fewer than all of the claims is not a final appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *Montello v. Ackerman*, 11th Dist. Lake No. 2009-L-111, 2009-Ohio-6383, ¶ 6.

{¶8} In the present matter, pending motions disputing custody and related issues remain in the trial court. Civ.R. 54(B) language was not included in the court's April 11 Judgment Entry. Multiple appellate courts have found that dismissal of the appeal is required in similar circumstances. In *McDonald v. McDonald*, 4th Dist. Highland No. 99CA2, 2000 WL 1573086 (Sept. 18, 2000), the court held that where a judgment entry dismissed some post-decree motions, including those relating to monetary issues and motions for contempt, but did not rule on appellant's motion for a change of custody and appellee's motion for supervised visitation, the appeal must be dismissed for lack of jurisdiction given the absence of Civ.R. 54(B) language. *Id.* at 3. Similarly, in *Hissa v. Hissa*, 8th Dist. Cuyahoga No. 90612, 2008-Ohio-4872, the trial court's grant of a motion to vacate a judgment was not a final appealable order since other motions were still pending. *Id.* at ¶ 3-5 (an "order directed to only a portion of the claims or motions pending in a case is not a final appealable order"). *Compare Bayus v. Bayus*, 11th Dist. Trumbull No. 2011-T-0062, 2012-Ohio-1462, ¶ 14 ("Civ.R. 54(B) is

3

not applicable here because both post-decree motions—Mr. Bayus' motion to show cause and Mrs. Bayus' motion to terminate shared parenting plan—have been withdrawn, and, therefore, no claims remained pending before the trial court warranting the Civ.R. 54 (B) language").

{¶9} Based upon the foregoing analysis, this appeal is hereby dismissed due to lack of a final appealable order.

{¶10} Appeal dismissed.

COLLEEN MARY O'TOOLE, J., concurs,

TIMOTHY P. CANNON, J., dissents with a Dissenting Opinion.

_____

TIMOTHY P. CANNON, J., dissenting.

{¶11} I respectfully dissent from the majority decision that the April 11, 2016 judgment is not a final, appealable order. The majority believes the order is not final because there are post-decree motions pending in the domestic relations court, and the trial court failed to include Civ.R. 54(B) language indicating there is no just cause for delay.

{¶12} An appeal from a proper Civ.R. 60(B) order is clearly appealable. "[I]t is well settled that a judgment denying a motion for relief from judgment filed pursuant to Civ.R. 60(B) is itself a final appealable order.'" *Colley v. Bazell*, 64 Ohio St.2d 243, 245 (1980) (citations omitted).

4

**{¶13}** A Civ.R. 60(B) motion is only available to vacate *final* orders from the trial court. There are circumstances where a Civ.R. 60(B) motion is filed with a request to vacate a non-final order while other issues are pending. In those cases, we dismiss for lack of a final appealable order, not because there are other issues pending, but because in instances where other issues or parties remain the motion is a request for reconsideration under Civ.R. 54(B). *See Harris v. Lucic Gen. Contr., Inc.*, 11th Dist. Lake No. 2011-L-112, 2012-Ohio-2004, ¶12.

**{¶14}** That is not the case here. The Civ.R. 60(B) motion to vacate was filed to vacate the final decree of dissolution. That is a final order. All other motions filed by appellant were also dismissed. There remain pending four motions filed by appellee. All are post-decree motions that request modification or enforcement of the final dissolution decree. The domestic relations court has stayed further consideration of those motions while this appeal is pending, because the outcome of the appeal may affect them in some way. The domestic relations court does not lose jurisdiction to address those motions while the within appeal is pending. *See Nemeth v. Nemeth*, 11th Dist. Geauga No. 2008-G-2831, 2008-Ohio-4675, ¶3 (citations omitted); *see also, e.g., State ex rel. Lisboa v. Galvin*, 8th Dist. Cuyahoga No. 92525, 2009-Ohio-969, ¶6.

**{¶15}** The majority does not cite to any case that suggests an otherwise appealable order denying a Civ.R. 60(B) motion is no longer appealable if there are post-decree motions pending to enforce or modify a final order of the domestic court. Because the Civ.R. 60(B) order is appealable on its own, it does not need Civ.R. 54(B) language to make it appealable. The parties have each briefed their respective positions to this court, and we should proceed to rule on this case.