THE STATE EX REL. SOUKUP, APPELLANT, *v.* CELEBREZZE, JUDGE, APPELLEE.

[Cite as *State ex rel. Soukup v. Celebrezze* (1998), 83 Ohio St.3d 549.]

(No. 98–597—Submitted September 15, 1998—Decided November 10, 1998.)

*Hermann, Cahn & Schneider* and *James S. Cahn,* for appellant.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Carol Shockley,* Assistant Prosecuting Attorney, for appellee.

*Per Curiam.* Soukup asserts in his propositions of law that the court of appeals erred in denying him the requested extraordinary relief in prohibition. Soukup claims that where a movant in domestic relations court seeks to modify an order that has become final without alleging a change of circumstances, *res judicata* bars the court from exercising jurisdiction. For the following reasons, Soukup's contentions lack merit.

First, Soukup invited any error by the court of appeals in not granting the writ based on the *res judicata* claim he raises here because he asserted in the court of appeals that *res judicata* was inapplicable. " 'Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the court to make.' " *State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections* (1997), 80 Ohio St.3d 176, 181, 685 N.E.2d 502, 506, quoting *State ex rel. Bitter v. Missig* (1995), 72 Ohio St.3d 249, 254, 648 N.E.2d 1355, 1358.

Second, *res judicata* is not a basis for prohibition because it does not divest a trial court of jurisdiction to decide its applicability and it can be raised adequately by postjudgment appeal. See, *e.g., State ex rel. Smith v. Smith* (1996), 75 Ohio St.3d 418, 420, 662 N.E.2d 366, 369; *State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1995), 74 Ohio St.3d 19, 21, 655 N.E.2d 1303, 1305–1306.

Finally, because Judge Celebrezze did not patently and unambiguously lack jurisdiction over the postdecree motion, prohibition does not lie for Soukup's claims. " 'Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy at law by appeal.' " *State ex rel. Red Head Brass, Inc. v. Holmes Cty. Court of Common Pleas* (1997), 80 Ohio St.3d 149, 152, 684 N.E.2d 1234, 1237, quoting *State ex rel.*

*Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112. Under Civ.R. 75(I), the continuing jurisdiction of a court that issues a domestic relations decree "may be invoked by the filing of any motion by a party." *Blake v. Heistan* (1994), 99 Ohio App.3d 84, 87, 649 N.E.2d 1304, 1305–1306. A postdecree show-cause motion filed by a party invokes both the inherent power of a domestic relations court to enforce its own orders and the court's continuing jurisdiction under Civ.R. 75(I). See, generally, 2 Sowald & Morganstern, Domestic Relations Law (1997) 164, Section 25.44.[1]

In fact, every case cited by Soukup to support his claim to a writ was resolved by appeal rather than extraordinary writ. See, *e.g., Panzarello v. Panzarello* (1989), 61 Ohio App.3d 364, 572 N.E.2d 803; *Austin v. Payne* (Feb. 11, 1998), Lorain App. No. 97CA006777, unreported, 1998 WL 78694.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

1. We need not consider the main argument raised by Soukup below, which relied on *Rice* and *Easterday,* because Soukup does not raise this argument here, instead choosing to rely on *res judicata.*