JOURNAL ENTRY AND OPINION
Willie Richardson presents this delayed appeal from the common pleas court's judgment of conviction of theft, robbery, and attempted robbery following his guilty pleas to those charges, contending the court abused its discretion when it denied his motion to withdraw his guilty pleas without first holding a hearing. For the reasons which follow, we affirm the judgment of the trial court.
This appeal stems from charges brought in three separate cases. In case number 341220, the City of Euclid charged Richardson with one count of theft with a violence specification, arising out of an incident which occurred on June 27, 1996, at the Super K-Mart located on Babbitt Road in Euclid, Ohio; in case number 343510, the grand jury indicted Richardson for one count of robbery arising out of an incident which occurred on July 17, 1996, at Super America, located on Brookpark Road in Cleveland, Ohio; and in case number 346800, the grand jury indicted Richardson for one count of robbery arising out of an incident which occurred on October 28, 1996, at the Finast grocery store located on Superior Avenue in Cleveland, Ohio.
The common pleas court appointed counsel to represent Richardson, and on May 1, 1997, Richardson pled guilty to theft in case number 341220, to attempted robbery in case number 343510, and to robbery in case number 346800, and the court referred the matter for a pre-sentence report and scheduled sentencing for June 3, 1997. Thereafter, Richardson retained counsel and on May 27, 1997, filed a motion to withdraw his guilty pleas through his newly retained counsel.
On June 3, 1997, at the scheduled sentencing hearing, Richardson's newly retained counsel appeared and the following colloquy occurred:
* * *
 THE COURT: * * * On a former occasion, the defendant entered a plea of guilty to a plea-bargained count of robbery and a plea-bargained count of theft, and this matter was set for sentencing.
 The defendant was represented in court by assigned counsel, and it has come to the court's attention that the defendant has retained counsel, is that correct?
MR. MAXTON: Yes, your honor.
THE COURT: On all three files?
MR. MAXTON: Yes, your honor.
 THE COURT: Does the defendant now wish to withdraw his plea of guilty in this case?
MR. RICHARDSON: Yes.
 THE COURT: Great. If I enter the journal entry vacating the guilty plea, I am not taking a plea bargain on any of these files, at any time, in the future. So you think about what you are doing, sir.
* * *
 THE COURT: You go talk to him in the lock-up. We don't have to do this right now. * * *
 The court then continued the matter, and at a subsequent hearing on June 12, 1997, the following exchange took place:
* * *
 THE COURT: * * * On behalf of your client, do you have a statement for the court?
 MR. MAXTON: Judge, Mr. Richardson has just given me some new information and informed me of a new decision on his part. I would defer to his statement.
 THE COURT: Is there anything you wish to say, sir?
MR. MAXTON: No, Your Honor.
 THE COURT: Actually before you begin I was speaking to Mr. Richardson, is there anyone here to speak on behalf of the victims in this case? That would be Super America, K-Mart and Finast. Getting no response, is there anything you wish to say in your own behalf before I proceed to sentencing, Mr. Richardson?
 THE DEFENDANT: Yes, Your Honor. I have not been afforded any opportunity to review the evidence against me in this cause and particularly the so-call videotapes involved in this cause. I would respectfully request an order from this court specifying I be allowed an opportunity to review all of the evidence in this cause, videotapes included. I would respectfully request a continuance in this cause until such time which I may review the evidence. Thank you, your honor.
 THE COURT: Okay, on a prior occasion this matter was set for sentencing, and on behalf of your new counsel there was filed a motion for a new trial or, excuse me, a motion to vacate plea which I indicated I would certainly grant. However, I also indicated I wouldn't take any plea bargains in the matter. I was informed that you did not wish to withdraw your plea.
Time for reviewing physical evidence in the case is prior to the time of trial, but since you entered a plea of guilt in this case you will not be reviewing the evidence in this matter so we are proceeding with sentencing.
 With regard to the indictment in 346800, the offense of robbery, you are sentenced to a term of five years imprisonment at LCI. With regard to 341220 you are sentenced to a term of one year at the Lorain Correctional Institute, and with your last file, the offense of attempted robbery, that offense also being a felony of the third degree, you are hereby sentenced to a definite term of imprisonment on that particular case of three years. Sentences may be run concurrently or together.
* * *
Richardson now appeals and presents the following assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO ALLOW APPELLANT TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING; FURTHERMORE, THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S MOTION TO WITHDRAW HIS PRE-SENTENCE GUILTY PLEA WITHOUT FIRST HOLDING A HEARING TO DETERMINE WHETHER THERE EXISTED A REASONABLE AND LEGITIMATE BASIS FOR THE WITHDRAWAL OF THE PLEA.
Richardson essentially argues that the court abused its discretion when it failed to grant his motion to withdraw his guilty pleas without holding a hearing. The state maintains that although the court erred when it failed to conduct a hearing prior to denying Richardson's motion to withdraw his pleas, Richardson invited the error, thus it does not constitute reversible error in this case. The issue before us, then, is whether the court's failure to conduct a hearing constitutes reversible error.
Regarding Richardson's motion to withdraw his guilty pleas, we recognize that Crim.R. 32.1 states:
 A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
We also recognize that a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, and that a trial court's decision to grant or deny such a motion is reviewed for an abuse of discretion. See State v. Xie (1992), 62 Ohio St.3d 521.
We are further guided by the principle of invited error, which the court addressed in State ex rel. Soukup v. Celebrezze (1998),83 Ohio St.3d 549, at 550:
 Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the court to make.
In this case, the transcript of the sentencing hearing reveals the court believed Richardson had changed his mind and withdrawn the motion. The court stated, "I was informed that you did not wish to withdraw your plea." Although Richardson now claims he wanted to withdraw his plea prior to sentencing, neither he nor his counsel challenged the court's statement, nor made any such indication when the court afforded them an opportunity to speak before imposing sentence. Further, the court, on the record, advised counsel and Richardson that no further plea bargain would be accepted. Richardson's original indictments carried heavier penalties than the crimes to which he pled, thus, Richardson had very good reasons for not challenging the court's statement to him on the record prior to imposing sentence, and we can infer that Richardson's silence constituted his acquiescence to the court's statement.
Further, the record before us reveals Richardson desires to withdraw his guilty plea because of his dissatisfaction with his appointed counsel. However, the transcript reveals that Richardson's appointed counsel withdrew and Richardson's retained counsel undertook his representation and he too failed to object or assert Richardson's desire to have a hearing on the motion. Hence, we need not address the court's failure to conduct a hearing on the motion because Richardson withdrew it and the court has no obligation to conduct a hearing on a motion which has been withdrawn. Further, the transcript reveals that neither Richardson nor his newly retained counsel ever objected to the court proceeding with sentence or sought to have the court entertain the motion to withdraw his plea. This confirms Richardson's intention to proceed with the sentencing.
Accordingly, the court did not err in failing to hold a hearing on Richardson's motion to withdraw his plea. This assignment of error has no merit and is therefore overruled. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and ANNE L. KILBANE, J., CONCUR
 _______________________ JUDGE TERRENCE O'DONNELL