JOURNAL ENTRY AND OPINION
Appellant, Gloria Brightman, appeals the conclusions of law the trial court adopted from the magistrate's decision pursuant to Civ.R. 53. Appellant does not dispute any of the factual findings made by the trial court. Finding the conclusions of law to be correct, we affirm the judgment of the trial court. The pertinent procedural facts leading up to this appeal are as follows.
In June 1985, appellant was granted a divorce judgment against appellee, Earl Brightman. The decree was later modified and affirmed by this court in January 1989.[1] Between 1985 and the affirmance in 1989, "neither party attempted to execute on the terms of either decree."
In April 1990, appellant filed a motion to show cause against appellee because he had failed to comply with the decree. In February 1991, appellant's motion was granted and appellant was awarded unspecifiedattorney fees as a sanction (not as a prevailing party.) The court also awarded unspecified interest on four months of payments appellee failedto make. Appellant never reduced this order to a specific amount. One month later, appellant filed a motion for new trial in which she made only three claims. Appellant argued that (1) appellee was not entitled to any payment credits; (2) she was entitled to interest on the $140,000 money judgment; and (3) she was entitled to interest on the gold bullion proceeds.
On September 22, 1993, the trial court granted appellant's motion for new trial on the issues set forth in her motion, except the issue of the credits appellee was entitled to receive. Throughout 1994 and 1995, the trial court attempted to set several hearing dates, all of which were canceled except for a hearing set for September 13, 1995, which neither appellant nor her lawyer attended.
On January 24, 1996, the trial court sua sponte dismissed all pendingmotions[2] for want of prosecution and because of a lack of interest by any party in attending a hearing. Included in the dismissal was appellant's pending motion to show cause, which raised the issues ofattorney fees and interest. Appellant never appealed the dismissal.
In July 1997, almost one and a half years later, appellant filed a second motion to show cause in which she again argues the same issues raised in her motion for new trial and the issues which were part of her earlier pending motion: that is, attorney fees and interest.
On January 3, 2000, the magistrate conducted a hearing on this second motion to show cause (with the consent of the parties to hear claims initially raised in the motion for new trial). The magistrate, however, refused to hear evidence on the issues of attorney fees and interest because they had been raised earlier in the motion to show cause, which as a pending motion had been dismissed by the court.
On June 27, 2000, the magistrate issued her Findings of Fact and Conclusions of Law, which the trial court adopted. In part, the trial court made the following findings:
 Plaintiff was not awarded a money judgment rather she was awarded the gold bullion, stamps and coins. The Magistrate finds that Plaintiff is not entitled to receive interest on the value of the gold bullion, stamps and coins. * * *.
* * *
 The Magistrate finds that the Motion to Show Cause was successful, but although attorney fees were awarded, no amount was ordered. * * *. Ultimately the Court dismissed all pending motions for lack of interest and want of prosecution. The dismissal was with prejudice.
* * *
 The Court found that Defendant should be given credit for all payments from June 3, 1985 * * *. Plaintiff is now asking the Court to award her interest * * *.
* * *
 The Magistrate finds that the award of interest did not survive the motion for new trial * * *. The Magistrate finds that from June 3, 1985 through December 31, 1992 Defendant paid $309,521.23 to Plaintiff in satisfaction of the $300,000.00 division of property.
On appeal, appellant assigns four separate errors committed by the trial court.
 ASSIGNMENT OF ERROR NO. 1: THE TRIAL COURT ERRED AS A MATTER OF LAW BY HOLDING THAT THE APPELLANT'S PRIOR MOTIONS WERE DISMISSED, WITH PREJUDICE.
The parties agree that our review in this case is limited to whether the trial court properly applied the law to its findings of fact. Accordingly, we review only the trial court's conclusions of law, and we must perform that review according to an abuse of discretion standard.Duncan v. Chippewa Township Trustees (1995), 73 Ohio St.3d 728, 730,654 N.E.2d 1254; Wade v. Wade (1996), 113 Ohio App.3d 414, 418,680 N.E.2d 1305; Thomas v. Thomas (Oct. 5, 2000), Cuyahoga App. No. 76586, unreported, 2000 Ohio App. LEXIS 4634. The term "abuse of discretion" connotes more than an error in law or judgment; it implies an attitude that is unreasonable, arbitrary, or unconscionable. Duncan,supra; Blakemore v. Blakemore (1983), 5 Ohio St.3d 292, 294-295.
In the case at bar, appellant argues that the trial court erred in deciding that her pending motions, filed before January 24, 1996, were dismissed with prejudice. According to appellant, the motions dealing with the issue of attorney fees and interest in the amount of $80,974 on the $300,000 property award were actually requests for enforcement of prior orders. Appellant maintains that the January 1996 dismissal was not with prejudice, but simply a different type of dismissal, which still imbued the court with jurisdiction to enforce its prior orders.
We do not disagree with appellant's conclusion that the trial court retains jurisdiction over post-decree enforcement motions; what occurred in this case, however, has virtually nothing to do with the issue of jurisdiction. In adopting the magistrate's decision, the trial court denied interest and attorney fees but not necessarily for jurisdictional reasons. In fact, the magistrate's decision does not even mention the word "jurisdiction." Rather, the magistrate precluded any argument on those issues because for years appellant had not acted upon or otherwise protected her rights under the February 1991 entry. In other words, the decision was based on lack of prosecution.
Appellant continued to file other motions to show cause in which, again, she presented many of the same arguments that she had set forth in other motions, including claims that she was entitled to interest on appellee's four delinquent payments from 1990 and her continuing claim for attorney fees. Repeatedly, the trial court attempted to set hearing dates, all of which were canceled, either at the request of appellant or appellee. On September 13, 1995, a hearing was convened, but appellant did not attend. Unable to determine the merits of appellant's motions in her absence, the court did not proceed with the hearing. By January 24, 1996, unsuccessful in its attempts to schedule a hearing on any of the pending motions, the trial court dismissed all such motions from its docket for failure of both parties to pursue their respective claims. Appellant failed to appeal this dismissal.
In July 1997, appellant filed two new motions in which she renewed many of the arguments that were part of the motions previously dismissed, including her claims for interest and attorney fees. On January 3, 2000, a hearing was held before the magistrate on appellant's July 1997 motion to show cause and her motion for counsel fees. As a result of that hearing and the decision of the magistrate, the trial court, by adoption, determined that the issues dismissed in the court's order of January 24, 1996 included her claim for statutory interest on the four delinquent payments in 1990, which were part of the $300,000 property division, and her claim for attorney fees. We find no abuse of discretion in the trial court's decision to preclude argument on these issues.
Civ.R. 41 provides the authority for the trial court's dismissal of appellant's pending motions, which included the interest and attorney fee issues. Civ.R. 41(B)(1) succinctly states:
(B) Involuntary dismissal: effect thereof.
 (1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to plaintiff's counsel, dismiss an action or claim.
* * *
 (3) Adjudication on the merits; exception. A dismissal under this subdivision and any dismissal not provided for in this rule * * * operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.
In the case at bar, Civ.R. 41 applies. The court dismissed the pending motion for failure to prosecute, as permitted under Civ.R. 41(B)(1). Pursuant to section (B)(1), that dismissal operated as a dismissal with prejudice.
Further, an award of attorney fees which leaves the actual amount of fees to be determined later is merely a determination of "liability." The granting of such an unspecified award of fees is not a judgment and, therefore, not a final appealable order. Ft. Frye Teachers Assn. v. Ft.Frye Local School Dist. Bd. Of Edn. (1993), 87 Ohio App.3d 840, 843,623 N.E.2d 232, 234; Mckee v. Inabnitt (Sept. 26, 2001), Adams County App. No. 01CA711, unreported, 2001 Ohio App. LEXIS 4568.
In the case before us, when the trial court granted appellant's March 1991 motion to show cause, it determined appellee's "liability" on the issues of attorney fees and statutory interest. The court's February 1991 entry did not decide the amount of damages. When the court attempted to set a hearing in order to finally determine the issues, appellant failed to cooperate in doing anything to resolve the issues.
The trial court made numerous attempts to set a hearing in order to provide appellant with an opportunity to obtain a "judgment." All of these attempts by the court proved fruitless. Appellant did nothing to bring the issues of interest and fees to finality. "Principles of res judicata
prevent [a party] from prevailing on [a] second motion especially since the first motion's insufficiency was the result of [the party's] own inadvertence." McCann v. Lakewood (1994), 95 Ohio App.3d 226, 237,642 N.E.2d 48, 55.
Given the above, we conclude that the trial court did not abuse its discretion in dismissing with prejudice all pending motions, which included the unresolved damages determinations on fees and interest. Appellant never appealed that decision. The only issues, therefore, that remained between the January 1996 dismissal and appellant's July 1997 motion to show cause were appellant's claims for (1) interest on the bullion and the stamp and coin collections and (2) interest on the $140,000 money judgment. These issues were preserved when the court granted appellant's earlier motion for new trial. Thus appellant was precluded from reviewing the issues of attorney fees, interest on the four delinquent payments from 1990, and appellee's credits, because she did not prosecute them in a timely manner.
We reject appellant's attempt to characterize the dismissed motions as mere enforcement requests over which the trial court could not lose jurisdiction. As appellant would have it, she could file an unlimited number of post-decree enforcement motions, ignore repeated attempts by the court to hear the merits of those motions, and still have the right to present the same arguments years later. We do not agree.
As a matter of law, we agree with the trial court's conclusion that no part of the February 1991 entry remained for determination on June 27, 2000, the date of the magistrate's decision. Civ.R. 41; McCann, supra;Czup, supra. And we find appellant's reliance on the case of State exrel. Soukup v. Celebrezze (Sept. 12, 1998), Cuyahoga App. No. 72008, unreported, 1998 Ohio App. LEXIS 484, misplaced.
In Soukup, unlike the situation here, Marc Soukup sought a writ of prohibition against the trial court. He argued that a writ should issue to stop the trial court from proceeding in the case, because it had previously dismissed it, with prejudice, for want of prosecution. The only issue before the court dealt with the propriety of issuing a writ.
The facts in Soukup are distinquishable from those before us. First, the case at bar is an appeal, not a request for a writ. Moreover, a review of Soukup and its companion case, State ex rel. Soukup v.Celebrezze (1998), 83 Ohio St.3d 549, 700 N.E.2d 1278, together show that neither court doubted the continuing jurisdiction of the domestic relations court to entertain post-decree enforcement motions.
Moreover, a key difference is Lisa Soukup did not fail to prosecute. She had filed a motion to show cause in the domestic relations court because Marc Soukup had failed to pay $12,000 in child support payments in violation of the parties' divorce decree. The court required the parties to submit an agreed entry disposing of the show cause motion or else face dismissal of the motion. When the agreed entry was not submitted, the court dismissed the motion because the court assumed that Lisa Soukup was responsible for not filing the requested entry.
Later, Lisa Soukup filed a second motion to show cause reiterating the substance of the first motion. Marc Soukup filed a motion to dismiss in which he argued that the court did not have jurisdiction to hear arguments that had already been dismissed with prejudice in the first motion. The trial court denied the motion to dismiss when Lisa Soukup not only argued the continuing jurisdiction of the court to hear post-decree enforcement motions, but, more importantly, had shown that the failure to comply with the court's order to submit the agreed entry was not her fault. Lisa Soukup argued that the court should not dismiss the case because to do so would allow Marc Soukup to avoid compliance with his court-ordered responsibilities. Both courts agreed and upheld the trial court's reinstatement of the first show cause motion.
In the case at bar, unlike Lisa Soukup, who proved she did not fail to prosecute her case,[3] appellant alone was responsible for failing to pursue the statutory interest and attorney fees granted to her in the trial court's February 1991 entry. Appellant and Lisa Soukup have nothing in common for the purpose of our review here. The record before us bears out the fact that appellant did not prosecute the post-decree enforcement entry in which she was granted statutory interest and attorney fees and, moreover, offered no explanation for this failure.
The fact that appellant voluntarily allowed the issues of interest and attorney fees to languish has nothing to do with jurisdiction;it does, however, have everything to do with justice and the historically revered principle that litigation will have finality. Civ.R. 1(B); Civ.R. 41(B); see, Nickell v. Gonzalez (1986), 34 Ohio App.3d 364, 519 N.E.2d 414. Appellant's Assignment of Error No. I is overruled.
 ASSIGNMENT OF ERROR NO. II: THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO AWARD SANCTIONS AGAINST THE APPELLEE, IN THE FORM OF INTEREST OR OTHERWISE, WITH REGARD TO THE GOLD BULLION, STAMPS, AND COINS.
In her second assignment of error, appellant argues that the trial court committed error in failing to impose sanctions, in the form of interest, against appellee for failing to timely transfer the gold bullion and the stamp and coin collection.[4] Appellant maintains that appellee deserved to be sanctioned, that is, punished, for not turning over the various items sooner.
Appellant further argues that "interest" is the only sanction available against appellee for failing to comply with the court's order. Appellant cites no case law nor do we find any legal support for her argument. To the contrary, existing law readily supports a trial court's authority to impose any number of sanctions upon a party for contempt of a court order. Curtis v. Curtis (2000), 140 Ohio App.3d 812, 749 N.E.2d 772; Hallv. Hall (Mar. 15, 2001), Cuyahoga App. No. 77804), unreported, 2001 Ohio App. LEXIS 1167, citing Pugh v. Pugh (1984), 15 Ohio St.3d 136, 140,472 N.E.2d 1085; State v. Kilbane (1980), 61 Ohio St.2d 201,400 N.E.2d 386; Cleveland v. Ramsey (1988), 56 Ohio App.3d 108,564 N.E.2d 1089. The imposition of sanctions, moreover, will not be disturbed absent a showing of an abuse of discretion by the trial court.State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 417 N.E.2d 1249;Burchett v. Miller (1997), 123 Ohio App.3d 550, 704 N.E.2d 636.
In the case at bar, in February 1991 the trial court did grant sanctions against appellee in the form of attorney fees. The magistrate's decision notes that appellant was awarded an undetermined amount of attorney fees. The issue of attorney fees, however, was one of the issues dismissed by the court on January 24, 1996. The undisputed fact remains that the trial court did attempt, numerous times, to schedule a hearing to resolve all pending motions and issues, which included the amount of fees. The record is also clear that it is appellant who did nothing to pursue and substantiate the amount of her attorney fees. Accordingly, we overrule appellant's second assignment of error.
 ASSIGNMENT OF ERROR NO. III: THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO AWARD APPELLANT ATTORNEY FEES.
As we said earlier in the discussion of assignment of error number one, we do not agree that the trial court "mysteriously" failed to reduce the attorney fee award to a specific dollar amount. We again note that it is appellant who failed to make sure that a hearing was held in order to establish the amount of her attorney fees. It is appellant who invited this error, not the trial court. Czup, supra. Appellant's third claimed error is without merit.
 ASSIGNMENT OF ERROR NO. IV: THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO AWARD THE APPELLANT INTEREST ON THE $300,000.00 PROPERTY DIVISION ORDERED TO THE APPELLANT.
In adopting the magistrate's decision, the trial court acknowledged that appellant had been awarded interest on the $300,000 property division. The magistrate's opinion states that appellant "was awarded statutory interest on the money judgment in the following amount, $300,000.00 * * *." Appellant refuses to acknowledge, however, that the February 1991 interest award was vacated on September 22, 1993, when the court granted her motion for a new trial "on all issues except the matters of credits to the Defendant toward the award of $300,000.00 to Plaintiff."
The trial court stated as follows:
 [T]he award of interest did not survive the motion for new trial, therefore that provision is no longer an enforceable part of the February 1991 Judgment Entry, since all pending motions were subsequently dismissed by the court for want of prosecution * * *.
The trial court concluded that the issue of the interest awarded on the $300,000 property division was not only dismissed, but also never appealed by appellant. We agree and find no abuse of discretion with the lower court's conclusion that the interest issue, as a matter of law, could not be revived.
We also find that the trial court did not abuse its discretion when it found that
 [p]laintiff is not entitled to any interest on a division of property which was paid in full within sixty months pursuant to the decree of divorce, with Defendant receiving credits for payments paid from June 3, 1985.
The record in this case contradicts appellant's argument that the trial court denied her part of her $300,000 money judgment. As is apparent from the January 1996 dismissal and the method of calculation used by the trial court, appellant is not entitled to more than she was originally awarded. The trial court found that she was not entitled to any interest, because the $300,000 money judgment had to be set off by the amount of the actual payments made by appellee since 1985. The trial court determined that, with payment credits appropriately allotted to appellee, "from June 3, 1985 through December 31, 1992 Defendant paid $309,521.23 to Plaintiff in satisfaction of the $300,000.00 division of property."
The fact is that the $9,521.23 excess amount is far more than appellant would have ever received in interest for appellee's four delinquent payments, which, at most, might approach $4,000. For reasons already discussed at length, the trial court did not abuse its discretion in refusing to entertain the issue of interest on the $300,000 award. Appellant's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] In relevant part, the decree awarded appellant:
(1) gold bullion;
(2) a stamp and coin collection;
(3) $140,000.00 in certain bank accounts; and
 (4) $300,000.00 to be paid in equal monthly installments over a period of 60 months.
[2] The order did not include the motion for new trial, which motion had already been granted.
[3] Lisa Soukup proved she was unable to submit an agreed entry, as the court requested, because her husband had refused to sign the final entry.
[4] Appellant concedes that she is not entitled to the statutory interest provided for in R.C. 1343.03(A).