OPINION
{¶ 1} Defendant-appellant Alfreda Simmons [hereinafter appellant] appeals her July 30, 2001, conviction and sentence from the Stark County Court of Common Pleas on one count of trafficking in cocaine, in violation of R.C. 2925.05(A). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On April 26, 2001, appellant was indicted on one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(1). The charges arose when appellant sold crack cocaine to a confidential informant on January 29, 2001. Appellant was arraigned on May 11, 2001, and entered a plea of not guilty. The matter proceeded to a jury trial on July 23, 2001. On July 24, 2001, the jury returned a verdict of guilty. At a sentencing hearing, conducted July 25, 2001, appellant was sentenced to ten months of incarceration at a state correctional facility and her drivers license was suspended for a period of six months.
{¶ 3} It is from this conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 4} I. "APPELLANT WAS PREJUDICIALLY DEPRIVED OF HER UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRIAL DUE TO THE JURORS BEING ALLOWED TO ASK QUESTIONS OF WITNESSES DURING TRIAL."
 {¶ 5} II. "APPELLANT WAS PREJUDICIALLY DEPRIVED OF HER UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRIAL DUE TO THE DEFENDANT/APPELLANT HAVING CONTACT WITH JURORS DURING THE TRIAL."
 {¶ 6} III. "APPELLANT'S CONVICTION FOR TRAFFICKING IN COCAINE UNDER OHIO REVISED CODE 2925.03(A) WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 {¶ 7} IV. "APPELLANT WAS PREJUDICIALLY DEPRIVED OF HER UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL."
 I
{¶ 8} In the first assignment of error, appellant argues that she was denied a fair trial when jurors were allowed to ask questions of witnesses during the trial. Specifically, appellant argues that it is plain error for a trial court to allow jurors to ask questions of witnesses, even by using the procedure of written questions submitted to the trial court. We disagree.
{¶ 9} The trial court in this case allowed jurors to submit questions to the trial court for review by the trial court and counsel. The trial court told the jurors that their questions might not be asked, or that the form of the question might be changed, in order to conform to the rules of evidence. Appellant did not object to this procedure.
{¶ 10} During the trial, the jurors submitted questions for only one witness, Shannon Burruss (the confidential informant). The questions were considered at a bench conference, outside the hearing of the jury. Appellant did not object to the questions and agreed with the trial court's changes to the form of the questions as discussed at the bench conference.
{¶ 11} Appellant correctly states that our standard of review in this case is plain error. Criminal Rule 52(B) specifically provides that "plain errors or defects effecting substantial rights may be noticed although they were not brought to the attention of the court." In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with upmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804, paragraph 3 of the syllabus; State v. D'Ambrosio,67 Ohio St.3d 185, 191, 1993-Ohio-170, 616 N.E.2d 909.
{¶ 12} This court has addressed the issue of jury questions previously. In State v. Mascarella (July 6, 1995), Tuscarawas App. No. 94AP100075, 1995 WL 495390, this court set forth guidelines regarding juror questions to witnesses. This court stated previously that "while this court has not condemned the practice of permitting jurors to pose questions, this court has set forth the following guidelines: The jurors should write down their proposed questions. Counsel for both parties and the trial court judge should review the questions for objections, on the record, outside the hearing of the jury. Once juror questions are approved by the trial court, the clerk or bailiff should read the questions to the witness." State v. Heavener (June 4, 2001), Stark App. No. 2000 CA 00339, 2001 WL 698304 (citing Huffman v. Galstic Corp., etal. (April 5, 2001), Tuscarawas App. No. 1999 AP120071; State v.Mascarella, supra.)
{¶ 13} The trial court sub judice followed these guidelines, with one exception. The trial court asked the questions of the witness rather than having the bailiff or clerk ask the questions. In State v.Alexander (Feb. 10, 1997), Stark App. No. 1995CA00424, 1997 WL 116903, this court also reviewed the issue of whether the trial court erred in permitting the jurors to pose questions to the witnesses. In that case, the trial court asked the questions. However, this court found no prejudicial error. We again find no prejudicial error.
{¶ 14} Thus, we disagree with appellant and find that it was not error for the trial court to allow the jurors to ask questions of the witnesses when using the procedure previously outlined by this court. Appellant's first assignment of error is overruled.
 II
{¶ 15} In the second assignment of error, appellant argues that she was denied a fair trial due to her contact with jurors during the trial. We disagree.
{¶ 16} It was the appellant herself who approached a number of jurors while the court was in recess. Under the doctrine of invited error, a party cannot take advantage of an error the party invited or induced. State ex rel. Soukup v. Celebrezze, 83 Ohio St.3d 549, 550,1998-Ohio-8, 700 N.E.2d 1278. Therefore, appellant cannot raise an error based upon the self-initiated contact with the jurors.
{¶ 17} Further, appellant contends that the manner in which the trial court and prosecutor handled her misconduct prejudiced the jury against her. This issue arose when the trial court's bailiff brought information that appellant had juror contact to the trial court's attention. The trial court proceeded to ask questions of the jurors to identify with whom appellant had spoken and the extent of the contact. Appellant's counsel did not object to the procedure. Upon questioning, each of the jurors stated that they could still serve as a fair juror and that this experience would not affect their ability to deliberate as a juror.
{¶ 18} Because appellant failed to raise an objection, the standard of review is plain error. Crim.R. 52(B), supra. Under these facts and circumstances, this court cannot find plain error. Despite the trial court's clear instructions to not have juror contact, appellant initiated the contact with jurors. Thus, appellant necessitated the trial court's questioning of the jurors. Further, even if any non-invited error occurred, appellant has not shown that the outcome of the trial clearly would have been different but for any alleged error in the questioning of jurors. In conclusion, we find that the trial court did not commit plain error.
{¶ 19} The second assignment of error is overruled.
 III
{¶ 20} In the third assignment of error, appellant argues that her conviction for trafficking in cocaine, pursuant to R.C.2925.03(A)(1), was against the manifest weight and sufficiency of the evidence. We disagree.
{¶ 21} In considering the sufficiency of the evidence, "[t]he relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rationale trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." See State v. Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. See also State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weights heavily against the conviction. Martin, 20 Ohio App.3d at 175.
{¶ 22} Appellant in this case was convicted of trafficking in cocaine.[1] The State presented the testimony of three witnesses. Detective Scott Griffith and Detective David Bairs of the Alliance Police Department, testified. In addition, the confidential informant testified.
{¶ 23} The police officers testified that they overheard the drug sale through a transmitting device that the confidential informant was wearing. Both detectives testified that they had known appellant for several years and had multiple conversations with her previously. Both detectives recognized her voice over the transmitting device. Although appellant contends that the audio tape is muffled, the jury had an opportunity to hear the tape for themselves. Further, Detective Griffith testified that the direct audio they heard in the surveillance van was more clear than the recorded audio tape. The Detective stated that it was easier to hear the transaction live than it was to hear the transaction from the taped recording. Further, Detective Griffith testified that he had seen appellant about an hour earlier, at which time appellant was wearing a neck brace and a black leather jacket. After the drug sale was made and the confidential informant had returned to the surveillance van, Detective Griffith observed appellant leaving the apartment where the drug buy had occurred. Appellant was wearing a black leather jacket and a neck brace.
{¶ 24} The confidential informant's testimony collaborated that of the two Detectives. The informant described the drug dealer with whom he had dealt as Alfred Simmons' daughter, who he recognized but whose first name he did not remember. However, the informant testified that the dealer was appellant and that she was wearing a black leather jacket and a neck brace at the time of the drug sale.
{¶ 25} Under these facts and circumstances, we find that the jury did not lose its way in convicting appellant. We find that the jury verdict was not against the manifest weight of the evidence and that the conviction was sufficiently supported by the evidence.
{¶ 26} The third assignment of error is overruled.
 IV
{¶ 27} In the fourth assignment of error appellant argues that she was deprived of a fair trial due to ineffective assistance of counsel. We disagree.
{¶ 28} The standard of review for a claim of ineffective counsel was established in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 and adopted by Ohio in State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases set forth a two-pronged analysis.
{¶ 29} The first prong of the analysis requires a showing that counsel's assistance was ineffective in that it fell below an objective standard of reasonable representation and violated essential duties to the client. The second prong requires a showing of actual prejudice by counsel's ineffectiveness such that but for the counsel's unprofessional error the outcome of the trial would have been different. A court may dispose of a case by considering the second prong first, if that would facilitate disposal of the case. Bradley, 42 Ohio St.3d at 143. We note that a properly licensed attorney is presumed competent. See Vaughn v.Maxwell (1965), 2 Ohio St.2d 299, 209 N.E.2d 164; State v. Calhoun,86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905.
{¶ 30} Appellant specifically argues that trial counsel was ineffective when he failed to object to the trial court's decision to allow the jurors to ask questions of the witnesses, and failed to object to the questioning of the jurors after appellant had contact with the jurors. We disagree.
{¶ 31} As noted above, we found that the procedure adopted by the trial court to permit jurors to ask questions of witnesses did not constitute error. Counsel need not raise meritless objections. State v.Jones, 91 Ohio St.3d 335, 354, 744, 2001-Ohio-57, N.E.2d 1163 (citingState v. Taylor, 78 Ohio St.3d 15, 31, 1997-Ohio-243, 676 N.E.2d 82). In regard to the questioning of the jurors which resulted from appellant's juror contact, we find no showing of prejudice. As this court found in assignment of error III, there was ample evidence to support the jury's finding of guilt. Appellant has made no showing that but for the trial counsel's actions, the outcome of the trial would have been different.
{¶ 32} Therefore, appellant's fourth assignment of error is overruled.
{¶ 33} The judgment of the Stark County Court of Common Pleas is hereby affirmed.
By EDWARDS, J. FARMER, P.J. and WISE, J. concur
 JUDGMENT ENTRY
{¶ 34} For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.
[1]
 {¶ a} R.C. 2925.03(A)(1) states the following:
 {¶ b} "(A) No person shall knowingly do any of the following:
 {¶ c} (1) Sell or offer to sell a controlled substance. . . ."