OPINION
{¶ 1} Defendant-appellant Robert Washington appeals his conviction and sentence in the Muskingum County Court of Common Pleas on one count of failure to register as a sexual offender. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 18, 2002, the Muskingum County Grand Jury indicted appellant on one count of failure to register as a sexual offender in violation of R.C. 2950.04(A)(1), a felony of the fifth degree. The indictment alleged that appellant had been convicted of, or pleaded guilty to, attempted rape in the Cuyahoga County Court of Common Pleas,[1] that appellant was released from prison on or after July 1, 1997, and that appellant failed to register with the Muskingum County Sheriff's Office. At his arraignment on August 7, 2002, appellant entered a plea of not guilty to the charge contained in the indictment.
 {¶ 3} Thereafter, on September 17, 2002, appellant filed a "Motion to Dismiss for Double Jeopardy". Appellant, in his motion, noted that after he failed to register as a sexual offender upon his release from prison in the Cuyahoga County case, the Ohio Adult Parole Authority revoked his parole and placed appellant back in prison and that appellant was subsequently indicted in the case sub judice for failing to register as a sexual offender. Appellant, in his motion, specifically argued that "[t]he conduct for which Mr. Washington [appellant] received a post-release control sanction was identical to the conduct for which he is being prosecuted in this Court. The punishment imposed for Mr. Washington's post-release control violation was incarceration, a form of criminal punishment." Appellant argued, that for the above reasons, he was "subjected to potentially receive multiple punishments for the same conduct or offense, in violation of the Double Jeopardy Clause . . ."
 {¶ 4} As memorialized in a Judgment Entry filed on November 6, 2002, the trial court overruled appellant's Motion to Dismiss.
 {¶ 5} Subsequently, appellant, on November 14, 2002, filed a Motion to Suppress. Appellant, in his motion, argued that any statements that appellant made, whether oral or written, to the Ohio Adult Parole Authority or its agents should be suppressed since they were given in violation of Miranda v. Arizona,384 U.S. 436 and/or were not voluntarily given. Appellant, in his motion, noted that he had made several admissions to the Ohio Adult Parole Authority while he was still in prison regarding his failure to register. Specifically, at an Ohio Adult Parole Authority "Release Violation Hearing", appellant admitted to failing to register as a sexual offender as required by Ohio law following his release from prison on or about March 18, 2002.
 {¶ 6} The matter then proceeded to a jury trial. During the jury trial, the parties stipulated that unless appellant took the stand and testified, the State would "not introduce into evidence any admissions he made at the parole revocation hearing" since there was no evidence that appellant had been given his Miranda
warnings. Transcript at 73. On November 26, 2002, the jury found appellant guilty of failure to register as a sexual offender. Pursuant to a Judgment Entry filed on January 15, 2003, appellant was sentenced to ten months in prison.
 {¶ 7} It is from his conviction and sentence that appellant now appeals, raising the following assignments of error:
 {¶ 8} "I. The trial court erred by failing to grant defendant's motion to dismiss based on double jeopardy.
 {¶ 9} "II. The trial court erred by failing to grant defendant's motion to suppress involuntary statements."
 I {¶ 10} Appellant, in his first assignment of error, argues that the trial court erred in overruling appellant's Motion to Dismiss on double jeopardy grounds. Appellant specifically contends that "[t]he conduct for which the defendant [appellant] received a post-release control sanction is the same conduct for which he was separately indicted and convicted."
 {¶ 11} The Double Jeopardy Clause states that no person shall "be subject for the same offense to be twice put in jeopardy of life for limb." Fifth Amendment to the United States Constitution; see also Section 10, Article I of the Ohio Constitution. "[D]ouble jeopardy principles protect `only against the imposition of multiple punishment for the same offense . . . and then only when such occurs in successive proceedings'".State v. Martello, 97 Ohio St.3d 398, 400, 2002-Ohio-6661,780 N.E.2d 250.
 {¶ 12} In Martello, supra. a defendant who was released from custody after serving a sentence for burglary and theft charges, failed to report to his parole officer. After the Ohio Adult Parole Authority declared him to be a "violator at large," the defendant was indicted on one count of escape. The defendant, who had served a 91 day term of incarceration for violating the terms of his post release control, filed a motion to dismiss, arguing that his escape charge arose from the same conduct that was the subject of the post-release control violation. The Ohio Supreme Court, in holding that there was no double jeopardy clause violation, held, in relevant part, that "R.C.2967.28(F)(4), which specifies that a person released on postrelease control who violates conditions of that postrelease control faces a term of incarceration for the violation as well as criminal prosecution for the conduct that was the subject of the violation as a felony in its own right, does not violate the double jeopardy clauses of the United States and Ohio Constitutions." Id. at 405. (Emphasis added.)
 {¶ 13} Furthermore, this Court, in State v. Dawson, Tusc. App. No. 1999AP080051, held that the appellant's conviction for escape based upon the same conduct that constituted a post-release control violation did not violate double jeopardy protections. In so holding, we noted that R.C. 2967.28 authorized the imposition of a sentence for a "new felony" in addition to sanctions for violations of post-release control and that the appellant had not been placed in jeopardy for the offense of escape in the post-release control hearing. We held, therefore, that principles of double jeopardy did not apply. See also Statev. Best, Delaware App. No. 01CAA06019, 2002-Ohio-730, citingDawson, supra.
 {¶ 14} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 15} Appellant, in his second assignment of error, argues that the trial court erred in failing to grant appellant's Motion to Suppress.
 {¶ 16} As is stated above, appellant filed a Motion to Suppress, seeking to suppress any and all statements, including admissions, that he made to the Ohio Adult Parole Authority at his parole revocation hearing on the basis that such statements were given in violation of Miranda, supra. and/or were not voluntarily given. Prior to opening statements in the case sub judice, the Motion to Suppress was addressed. The following is an excerpt from the trial court's proceedings:
 {¶ 17} "THE COURT: Okay. There was a motion to suppress in the file and I believe in chambers we discussed a stipulation as to that and at this time I will ask you, Mr. Workman, if —
 {¶ 18} "MR. WORKMAN: Your Honor, since the Defendant filed the motion to suppress, the State is charged to respond as we spoke in chambers. It's my understanding, after doing some research on the issue, that unless the Defendant actually takes the stand and testifies, we really are not permitted by law to introduce into evidence any admissions he made at the parole revocation hearing. And the reasoning for that is that there's no evidence that Mr. Washington was ever given his Miranda warnings. And I am confident after listening to the tape-recording, audio cassette tape of that hearing, as well as reading the transcript of that hearing, as well as reading the administrative rule that was waived in that hearing by Mr. Washington and his attorney, that nowhere would he have been afforded Miranda warnings.
 {¶ 19} "So, the State will stipulate that no evidence will come in as a result of the parole revocation hearing unless, again, the Defendant would take the stand And then, if he would testify as to any inconsistencies with respect to what went on at the parole revocation hearing, then I think the State would be allowed to attack the credibility of the Defendant.
 {¶ 20} "THE COURT: Thank you, Mr. Workman. Is that what you understand the stipulation to be, Mr. Stubbins?
 {¶ 21} "MR. STUBBINS: Yes, it is. However, Your Honor, I do not agree with the State's argument that if my client testifies that they necessarily get to question him about admissions in front of the Adult Parole Authority. It depends on the nature of his testimony and what subject matter is covered arises.
 {¶ 22} "THE COURT: We'll deal with that if it arises, but, meantime, the stipulation is — in essence, what the Prosecutor stated will be the ruling of the Court on the motion to suppress." Transcript at 73-75.
 {¶ 23} From the above colloquy, it can be concluded that the parties' stipulated that no independent evidence of appellant's admissions to the Adult Parole Authority would be permitted at trial and that the trial court accepted such stipulation. In other words, it could be concluded that the trial court adopted the parties' stipulation that no other witnesses would be permitted to testify at trial as to appellant's admissions to the Adult Parole Authority. Based on such an interpretation, it appears that the trial court granted appellant's Motion to Suppress independent evidence while indicating that the issue of whether the State would be permitted to question appellant about such admissions would be reviewed if appellant took the stand and testified at trial. However, since appellant never took the stand, in accordance with such stipulation, evidence regarding any admissions that appellant made to the Ohio Adult Parole Authority was not introduced at trial.
 {¶ 24} Furthermore, we find that, under such an interpretation, if the trial court erred in failing to grant appellant's Motion to Suppress, it was invited error. Under the doctrine of invited error, a party cannot take advantage of an error the party invited or induced. State ex rel. Soukup v.Celebrezze, 83 Ohio St.3d 549, 550, 1998-Ohio-8,700 N.E.2d 1278. As is stated above, defense counsel indicated on the record that, depending on the nature and subject matter of appellant's testimony, the State might be permitted to cross-examine appellant about his admissions before the Adult Parole Authority if appellant took the stand Appellant cannot now argue that the trial court should have suppressed any statements that appellant made to the Parole Authority in their entirety.
 {¶ 25} In the alternative, one could also infer from the above colloquy that the parties stipulated that appellant's admissions to the Ohio Adult Parole Authority were admissible for impeachment purposes if appellant took the stand and testified as to what he said at the Parole Authority hearing and such testimony differed from what appellant actually said at the parole hearing and that the trial court accepted such stipulation. Thus, the issue becomes whether, accepting such an interpretation, the trial court erred in holding that appellant's non-Mirandized statements were admissible under such circumstances.
 {¶ 26} Under Harris v. New York (1971), 401 U.S. 222,91 S.Ct. 643, the State can use an accused's voluntary, but un-Mirandized statement, to impeach trial testimony. "The shield provided by Miranda [v. Arizona (1966), 384 U.S. 436,86 S.Ct. 1602, 16 L.Ed.2d 694] cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances." Harris,401 U.S. at 226.
 {¶ 27} In the case sub judice, there is no evidence in the record that appellant's statements to the Parole Authority were coerced or involuntary. Thus, pursuant to Harris, supra. the State was permitted to use appellant's un-Mirandized statement to impeach appellant if appellant took the stand and testified in contradiction to what he actually said at his parole hearing.
 {¶ 28} Based on the foregoing, appellant's second assignment of error is overruled.
 {¶ 29} Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.
Edwards, J., Gwin, P.J. and Farmer, J., concur.
[1] Appellant was convicted for such offense in 1989.