JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Planning Commission of Bedford Heights ("Commission") appeals the finding of the Cuyahoga County Court of Common Pleas that R.C. 711.09(C) applies to both city and village planning commissions. For the reasons stated below, we affirm.
 I. {¶ 2} The facts gleaned from the record reveal that plaintiff-appellee Anthony Provenzale ("Provenzale") is the owner of property located in the city of Bedford Heights, Ohio ("property"). In 2001, Provenzale sought variances from the city in order to subdivide his property into three lots. He requested what is called "lot split and plat" approval.
 {¶ 3} On November 15, 2001, the city's Zoning Board of Appeals ("ZBA"), granted Provenzale's request contingent upon approval by the Commission. On February 21, 2002, the Commission denied the request.
 {¶ 4} On April 19, 2002, Provenzale commenced two actions in the Cuyahoga County Court of Common Pleas seeking review of this denial. The first action sought review under R.C. Chapter 2506;[1] the other under R.C. 711.09(C).[2]
 {¶ 5} On May 24, 2002, the Commission filed a motion to dismiss the R.C. Chapter 2506 appeal in Case No. 468495, arguing that Provenzale's Chapter 2506 appeal was improper. On June 5, 2002, Provenzale filed a motion to consolidate the two cases and a motion to hold consideration of the Commission's motion to dismiss in abeyance. On July 17, 2002, the court granted Provenzale's motions.
 {¶ 6} On September 20, 2002, the court granted the Commission's motion to dismiss the Chapter 2506 claim. On December 9, 2002, the Commission filed a motion for judgment on the pleadings, arguing that R.C. 711.09(C) was not available to Provenzale. On January 31, 2003, the court denied the Commission's motion.
 {¶ 7} On August 26, 2003, the case proceeded to trial on the R.C.711.09(C) appeal. The trial court awarded judgment in favor of Provenzale and ordered the Cuyahoga County Recorder to record the property as modified. The Commission moved the court to stay execution of the judgment pending the Commission's appeal to this court. The trial court granted the stay.
 {¶ 8} The Commission timely appealed and has advanced one assignment of error for our review.
 II. {¶ 9} In its sole assignment of error, the Commission argues that "the trial court erred * * * by denying its motion for judgment on the pleadings in that the statutory procedure set forth in R.C. 711.09(C) applies to village planning commissions and does not apply to city planning commissions." Provenzale argues that the Commission's argument is barred by the doctrine of invited error. We agree, and, for the reasons stated below, overrule the Commission's assignment of error.
 {¶ 10} The doctrine of invited error states a party will not be permitted to take advantage of an error which it invited or induced the court to make. State ex rel. Soukup v. Celebrezze, 83 Ohio St.3d 549. In filing its motion to dismiss Provenzale's Chapter 2506 appeal, the Commission argued that "* * * the action which the appellant in this Notice of Appeal is attempting to accomplish must be through Section 711.09
of the Revised Code and not as an appeal pursuant to Chapter 2506 of the Revised Code." The court agreed and dismissed the Chapter 2506 appeal.
 {¶ 11} The Commission's motion is devoid of any discussion that although it considered R.C. 711.09 the appropriate avenue for appeal, it reserved the right to argue the section did not apply under the facts of this case. To the contrary, the Commission explained R.C. 711.09 to the court:
{¶ 12} "The subdivision of land within municipalities is governed byChapter 711 of the Revised Code and Section 711.001, Definitions, of theRevised Code which indicate that a `plat' means a map of a parcel of landand a `subdivision' means the division of any parcel of land into two ormore parcels, sites of lots, any one of which is less than five acres forpurpose of transfer of ownership. These definitions indicate that thefactual situations set forth in the Notice of Appeal in this situationfall strictly under the subdivisions of property and Chapter 711 of theRevised Code.
 {¶ 13} "In the event of refusal to approve a subdivision plat, it isprovided in Section 711.09 of the Revised Code that when a planningcommission refuses to approve a plat, the person submitting the platmay, within 60 days after such refusal, file `a petition in the court ofcommon pleas of the proper county, in which he shall be namedplaintiff.'
 {¶ 14} * * *
 {¶ 15} "This section further provides that the planning authority andthe county recorder shall `be joined as defendants and summons shall beissued upon such defendants as in civil actions.'"
 {¶ 16} The Commission may not induce the trial court into believing Provenzale's R.C. 711.09 appeal is proper and then argue that the court erred by applying that section. Since appellant advised the trial court that compliance with R.C. 711.09 was an appropriate remedy for Provenzale, it cannot claim on appeal that the trial court's compliance with R.C. 711.09 was error.
 {¶ 17} The Commission's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., concurs; McMonagle, J., concurs in judgment only.
[1] Cuyahoga County Court of Common Pleas Case No. 468495.
[2] Cuyahoga County Court of Common Pleas Case No. 468499.