[Cite as *State v. Jones*, 2018-Ohio-2033.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-16-040

     Appellee                                  Trial Court No. 15 CR 1041

v.

Tadara D. Jones                              **DECISION AND JUDGMENT**

     Appellant                                 Decided:  May 25, 2018

* * * * *

Mike DeWine, Ohio Attorney General, and Christopher L.
Kinsler, Assistant Attorney General, for appellee.

Nathan T. Oswald, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This case is before the court on the appeal of appellant, Tadara Jones, from

the September 27, 2016 judgment of the Sandusky County Court of Common Pleas.  The

state has conceded error.  For the reasons that follow, we reverse the judgment of the trial

court and remand the matter for resentencing.

**{¶ 2}** Appellant sets forth two assignments of error:

I.  The trial court erred when it failed to personally address Mr. Jones and give him a chance to speak before sentencing.

II.  The trial court erred when it imposed consecutive sentences without making the findings required by R.C. 2929.14.

## Facts

**{¶ 3}** On October 27, 2015, appellant was charged by indictment with various offenses, including two counts of trafficking in cocaine.  Appellant was arraigned and pled not guilty.

**{¶ 4}** On July 12, 2016, the matter was called for trial.  Appellant entered pleas of guilty to two counts of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), felonies of the fourth degree.  In exchange for the plea, the state agreed to dismiss the other charges.  The trial court accepted the plea and found appellant guilty.

**{¶ 5}** On September 26, 2016, appellant was sentenced to 18 months in prison on each charge, to be served consecutively, for a total of 36 months of incarceration.  Appellant appealed.

## First Assignment of Error

**{¶ 6}** Appellant contends the trial court erred when the court failed to personally address appellant before sentencing and give him a chance to speak.

2.

**Crim.R. 32**

**{¶ 7}** Crim.R. 32 states in pertinent part:

(A) Imposition of sentence. Sentence shall be imposed without unnecessary delay. Pending sentence, the court may commit the defendant or continue or alter the bail. At the time of imposing sentence, the court shall do all of the following:

(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.

**{¶ 8}** The defendant has an unconditional right of allocution as "[a] Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." *State v. Green*, 90 Ohio St.3d 352, 359-360, 738 N.E.2d 1208 (2000). Therefore, "[t]rial courts must painstakingly adhere to Crim.R. 32, guaranteeing the right of allocution." *Id.* "In a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error." *State v. Campbell*, 90 Ohio St.3d 320, 738 N.E.2d 1178 (2000), paragraph three of the syllabus. Invited error is an error which a party requested or induced the court to make. *State ex rel. Soukup v. Celebrezze*, 83 Ohio St.3d 549, 550, 700 N.E.2d 1278 (1998). Harmless error is "[a]ny error, defect, irregularity, or variance

3.

which does not affect substantial rights * * *." Crim.R. 52(A). Some Ohio courts have found that harmless error occurs when counsel speaks, even if the defendant is not given the opportunity to speak, and the defendant receives a minimal sentence or a statutorily-mandated sentence. *See State v. Everson*, 6th Dist. Lucas No. L-17-1138, 2018-Ohio-323, ¶ 18.

{¶ 9} Here, the record shows the trial court did not address appellant until after the sentence was pronounced. Then, appellant did not speak in mitigation of punishment. Moreover, there is nothing in the record to indicate that appellant or his counsel invited the error in this case, or that the error was harmless. Thus, the trial court failed to give appellant the opportunity to exercise his right of allocution, as required by Crim.R. 32. Accordingly, appellant's first assignment of error is well-taken.

<b>Second Assignment of Error</b>

{¶ 10} Appellant argues the trial court erred when it imposed consecutive sentences without making the findings required by R.C. 2929.14.

{¶ 11} R.C. 2929.14(C)(4) requires that the trial court make certain findings. First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. *Id.* Next, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct. *Id.* Last, the court must find that one of the circumstances set forth in R.C. 2929.14(C)(4)(a)-(c) applies. *Id.*

4.

**{¶ 12}** When a trial court fails to articulate all of the findings required by R.C. 2929.14(C)(4), the case must be remanded so that the trial judge can consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and if so, to enter the findings on the record. *See State v. Bass*, 10th Dist. Franklin No. 12AP-622, 2013-Ohio-4503, ¶ 44.

**{¶ 13}** Here, a review of the record shows the trial court did not make all of the findings required by R.C. 2929.14(C)(4) prior to imposing consecutive sentences. We therefore find the trial court's imposition of consecutive sentences was contrary to law, and the case must be remanded. Accordingly, appellant's second assignment of error is well-taken.

## Conclusion

**{¶ 14}** The September 27, 2016 judgment of the Sandusky County Court of Common Pleas is reversed. This case is hereby remanded to that court for allocution and to consider whether consecutive sentences are appropriate and, if so, to enter the proper findings on the record. Costs of this appeal are assessed to appellee pursuant to App.R. 24.

Judgment reversed
and case remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.             _____
                                                          JUDGE

Arlene Singer, J.

Thomas J. Osowik, J.             _____
CONCUR.                                                 JUDGE

_____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.